UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICKEY CRITTON,

        Plaintiff,

    v.                                        Case No. 03-C-1423

DANIEL BENIK, Warden
Stanley Correctional Institution,

        Defendant.

**ORDER**

On May 16, 2005, habeas petitioner Mickey Critton filed a notice of appeal of my denial of his petition and dismissal of his case. He also moved for a certificate of appealability and to proceed *in forma pauperis* on the appeal. I will address each in turn.

Before a habeas petitioner may take an appeal to the Seventh Circuit, I must consider whether to grant him a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). *See also Slack v. McDaniel*, 529 U.S. 473, 481-81 (2000). The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. 484 (2000)(internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability, it must indicate on which

specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3).

In my decision denying the petition for habeas corpus, I rejected petitioner's claim that his trial and post-conviction attorneys had provided ineffective assistance of counsel and that he had been denied due process when the Wisconsin courts failed to allow an evidentiary on his second motion for post-conviction relief. The claims of ineffective assistance revolved around petitioner's contention that his attorney failed to properly investigate and present the facts supporting his motion to suppress the evidence against him. In the course of my decision, I concluded for several reasons that petitioner had failed to establish the prejudice component of the test for ineffective assistance of counsel. I also concluded that the plaintiff's other claims of attorney or trial court error were without merit. Petitioner states nothing in his motion for a certificate of appealability that leads me to conclude my initial analysis was incorrect. Having reviewed my decision, I believe that the issues petitioner has raised do not deserve to proceed further. I also believe that my determination that petitioner has failed to establish prejudice is not seriously debatable among reasonable jurists. The plain fact is that petitioner has failed to raise any issue that calls into question the reliability of his conviction. Accordingly, I conclude that the certificate of appealability should not issue.

With respect to the motion to proceed *in forma pauperis,* I note that petition has failed to file an affidavit of indigency establishing that he is unable to pay the filing fee of $255.00. Absent evidence that he lacks the funds to pay such a fee, his petition to proceed *in forma pauperis* cannot be granted. Accordingly, I withhold ruling on the motion to proceed *in forma pauperis* and will grant petitioner 21 days within which to supplement the record with an affidavit of indigency. In

2

the event he fails to file an affidavit establishing that he is unable to pay the fee on or before June 13, 2005, the motion to proceed *in forma pauperis* will be denied.

**IT IS THEREFORE ORDERED** that petitioner's request for a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion to proceed *in forma pauperis* will be held open until petitioner files an affidavit of indigency. In the event no affidavit in support of the motion to proceed *in forma pauperis* is filed on or before June 13, 2005, the motion to proceed *in forma pauperis* will be denied.

A copy of this order will be sent by my clerk to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707; and to Gino J. Agnello, Circuit Clerk for the Seventh Circuit, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.

Dated this  20th  day of May, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge